UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MOSHE UNGAR,

                           Plaintiff,

    -against-

THE CITY OF NEW YORK, POLICE OFFICER
MICHAEL VICTORIA, Shield # 25392, POLICE
OFFICER JASON WHYTE, Shield # 29767, POLICE
OFFICER ALBERT ROBLES, Shield # 5848,
SERGEANT YANDEI GONZALEZ, E.M.T.
TECHNICAN ROMAN FRANKLIN, Shield # 1589,
POLICE OFFICERS JOHN/JANE DOE(S) #S 1-10,

                           Defendants.
----------------------------------------------------------------X

**AMENDED COMPLAINT**

PLAINTIFF DEMANDS
TRIAL BY JURY

Case No. 15-cv-6091

       Plaintiff MOSHE UNGAR, for his complaint, by his attorney DAVID A. ZELMAN, upon information and belief, respectfully alleges as follows:

## I. PRELIMINARY STATEMENT

1.     This is a civil rights action in which Plaintiff MOSHE UNGAR (hereinafter "THOMPSON" or "Plaintiff") seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. On or about February 28, 2015, UNGAR was unlawfully assaulted in a facility operated by the City of New York. As a result of Defendants' failure to intervene and negligence, UNGAR suffered physical and mental injuries.

## II. JURISDICTION

2.     Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and

1

by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over Plaintiff's state law claims.

### III. PARTIES

3. UNGAR at all times relevant hereto resided in Brooklyn, NY.

4. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5. Defendant POLICE OFFICER MICHAEL VICTORIA, Shield # 25392, (hereinafter "VICTORIA" or "Defendant") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of their employment. VICTORIA is sued in his official and individual capacity.

6. Defendant POLICE OFFICER JASON WHYTE, Shield # 29767, (hereinafter "WHYTE" or "Defendant") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of their employment. WHYTE is sued in his official and individual capacity.

7. Defendant POLICE OFFICER ALBERT ROBLES, Shield # 5848, (hereinafter "ROBLES" or "Defendant") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of their employment. ROBLES is sued in his official and individual capacity.

8. Defendant SERGEANT YANDEI GONZALEZ, (hereinafter "GONZALEZ" or "Defendant") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of their employment. GONZALEZ is sued in his official and individual capacity.

9. Defendant E.M.T. TECHNICAN ROMAN FRANKLIN, Shield # 1589, (hereinafter "FRANKLIN" or "Defendant") was a City employee, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of their employment. FRANKLIN is sued in his official and individual capacity.

10. Defendants POLICE OFFICERS JOHN/JANE DOE(S) (hereinafter "DOE(S)") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment. DOE(S) are sued in their official and individual capacity.

11. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

12. On or about February 28, 2015, at approximately 5:00 P.M., UNGAR was being held at Kings County Central Booking, 120 Schermerhorn St., Brooklyn NY.

13. At that time, UNGAR was unlawfully assaulted by another inmate Luis Marte.

14. Defendant CITY, and employees of the City of New York, including but not limited to Defendant VICTORIA, WHYTE, ROBLES, GONZALEZ, FRANKLIN failed to properly protect UNGAR, an infant minor at the time, from foreseeable harm, failed to intervene to stop the harm to UNGAR and failed to properly treat UNGAR following the assault. Upon information and belief, each Defendant, VICTORIA, WHYTE, ROBLES, GONZALEZ, FRANKLIN, was in the immediate vicinity of the location of where the assault took place, and had an opportunity to intervene to protect the minor Plaintiff at the time of the occurrence.

15. Luis Marte is currently under prosecution by the Kings County District Attorney (Case #: K15614402) in relation to this incident.

16. That heretofore and on the 14th day of May, 2015, Plaintiff's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth Plaintiff's name, the nature of the claim, the time and place of the incident, the manner in which the claim arose and the items of damage and injuries sustained.

17. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

### V. FIRST CAUSE OF ACTION
Pursuant to §1983 (FAILURE TO INTERVENE)

18. Paragraphs 1 through 17 are hereby realleged and incorporated by reference herein.

19. That Defendants failed to intervene when Defendants knew or should have known that Plaintiff's constitutional rights were being violated.

20. That Defendants had a realistic opportunity to intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence.

21. That a reasonable person in the Defendants' position would know that Plaintiff's constitutional rights were being violated.

22. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, deprived Plaintiff of his liberty when they failed to intervene to protect him from Defendants' violation of Plaintiff's civil rights pursuant to the Fourteenth Amendment of the United States Constitution.

23. That upon information and belief, Defendants had a policy and /or custom of failing to intervene to protect citizens from excessive force by police officers. Thus, as a result of the above described policies and customs, Plaintiff was not protected from Defendants' unconstitutional actions.

24. That upon information and belief it was the policy and/or custom of defendant CITY to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

25. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

26. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of detainees and were the cause of the violations of Plaintiff's rights alleged herein.

27. That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

28. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
Pursuant to State Law (RESPONDEAT SUPERIOR)

29. Paragraphs 1 through 28 are hereby realleged and incorporated by reference herein.

30. That Defendants were acting in furtherance of the duties owed to their employer, defendant CITY.

31. That at all times Defendants were acting within the scope of their employment.

32. That Defendant CITY was able to exercise control over Defendants activities.

33. That Defendant CITY is liable for Defendants actions under the doctrine of respondeat superior. By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
Pursuant to State Law (NEGLIGENCE)

34. Paragraphs 1 through 33 are hereby realleged and incorporated by reference herein.

35. That Defendants were reckless, careless, and indifferent to Plaintiff's physical well-being while Plaintiff was in Defendants' custody.

36. That Defendants had a duty to exercise reasonable care to secure the safety of Plaintiff, an infant minor, from injury while in Defendants' charge.

37. That Defendants breached their duty to Plaintiff when Defendants failed to exercise reasonable care to secure the safety of Plaintiff while in Defendants' charge, or when Defendants discontinued their aid or protection of Plaintiff and left Plaintiff in a worse position than when Defendants took charge of him.

38. That by the actions described above, defendants jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff.

39. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

40. As a result of the foregoing, Plaintiff was deprived of his liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer economic injuries, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, Plaintiff respectfully requests that judgment be entered:

    1. Awarding Plaintiff compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

3. Awarding Plaintiff interest from February 28, 2015;

4. Awarding Plaintiff reasonable attorney's fees pursuant to 42 USC § 1988; and

5. Granting such other and further relief as to this Court deems proper.

Dated: Brooklyn, New York
April 5, 2016

_____
DAVID A. ZELMAN, ESQ.
(DZ 8578)
612 Eastern Parkway
Brooklyn, New York 11225
(718)604-3072

To: Jorge Marquez, Esq.
New York City Law Department
100 Church Street,
New York, NY 10007