UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MOSHE UNGAR,

                Plaintiff,                MEMORANDUM AND ORDER
                                                      15-CV-6091

   - against -


THE CITY OF NEW YORK, POLICE
OFFICER MICHAEL VICTORIA, Shield #
25392, POLICE OFFICER JASON WHYTE,
Shield # 29767, POLICE OFFICER ALBERT
ROBLES, Shield # 5848, SGT. RAYMOND
GONZALEZ, Shield No. 599, SERGEANT
YANDEI PERALTA, Shield No. 4060, E.M.T
TECHNICIAN ROMAN FRANKLIN, Shield
# 1589, POLICE OFFICERS JOHN/JANE
DOE(S) #S 1-10,

                Defendants.
------------------------------------------------------------x
GLASSER, Senior United States District Judge:

       Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 and state law against the City of New York (the "City") and Police Officer Michael Victoria, Police Officer Jason Whyte, Police Officer Albert Robles, Sergeant Raymond Gonzalez, Sergeant Yandei Ubarek s.h.a. Yandei Peralta, E.M.T. Technician Roman Franklin and Police Officers John/Jane Doe(s) 1-10 (collectively, the "Individual Defendants"). Presently before the Court are Plaintiff's objections pursuant to Fed. R. Civ. P. ("Rule") 72(a) to Magistrate Scanlon's Memorandum & Order ("M&O") (ECF No. 90) denying Plaintiff's motion for spoliation sanctions. For the following reasons, Plaintiff's objections are denied.

1

## BACKGROUND

On February 28, 2015, Plaintiff was being held at Kings County Central Booking on unrelated assault charges. (Pl. Ex. A).[1] At approximately 5:00 p.m., another individual in the cell, Luis Marte, punched Plaintiff with a closed fist, causing a laceration to his lower lip. (Pl. Ex. A). Plaintiff states that, just before the attack, Marte approached him, made anti-Semitic comments, and violently hit the walls with his fists. (Pl. Ex. B at 49:16-50:14, 57:2-9, 108:3-13). Plaintiff is Jewish and was wearing a skullcap at the time. (Pl. Ex. B at 58:1-6). The Kings County District Attorney's Office subsequently prosecuted Marte for the assault. (Pl. Ex. F; Tr. at 38:23-24). Plaintiff commenced this action on October 22, 2015. (ECF No. 1). Plaintiff's Third Amended Complaint alleges that the Individual Defendants were in the vicinity of the assault but failed to intervene. (ECF No. 25 ¶ 15).

During discovery, Plaintiff's counsel became aware of a possible video recording of the incident. Defendants turned over an internal NYPD communication, dated as of March 22, 2016, indicating that the relevant footage no longer existed because the device used for surveillance only stores video for 90 days. (Pl. Ex. H). Plaintiff's Notice of Claim was served on the City of New York on May 14, 2015, 75 days after the incident. (Pl. Ex. D). After disclosure of the March 22, 2016 document, Plaintiff brought the instant motion for spoliation sanctions, seeking, *inter alia*, an adverse inference instruction and an order striking Defendant's answer. (ECF No. 54, at 10). In response, Defendants produced another internal NYPD document, dated March 8, 2017, indicating that the relevant recordings are overwritten after ***30 days***. (Def. Ex. A).

---

[1] As used herein, "Pl. Ex." refers to the exhibits attached to the Declaration of David Zelman in support of plaintiff's motion for spoliation sanctions (ECF No. 55). "Def. Ex." refers to the exhibits attached to the Declaration of Jorge Marquez in opposition to plaintiff's motion (ECF No. 59). "Tr." refers to the January 22, 2018 hearing before Magistrate Scanlon (ECF No. 39).

A hearing was conducted on January 22, 2018, at which Captain William J. Tobin, Sergeant Kelley Sealy, and Assistant District Attorney ("ADA") Chelsea Toder all testified. The testimony, as credited by the magistrate and incorporated into her findings of fact, established that the 30-day figure was correct and that the 90-day figure given in the prior document was drafted in error. (Tr. at 15:17-20; 72:21-25; M&O at 13 and n. 15). The magistrate found that the footage was destroyed as part of this 30-day process, before Plaintiff sent his Notice of Claim, and was therefore unrecoverable. (M&O at 13).

As to Plaintiff's motion for sanctions, the magistrate held that the City had a duty to preserve the video and that the duty was breached. (M&O at 10-11). However, the magistrate also held that Defendants did not act with the requisite "intent to deprive" Plaintiff of the use of the video, as required by Rule 37(e)(2), because Plaintiff's Notice of Claim was not served until after the video was deleted. (ECF No. 90, at 13-14). The magistrate also found that other sanctions would be inappropriate because Plaintiff had not established that the destruction of the video was prejudicial to his claim. (ECF No. 90, at 14-16). Therefore, Plaintiff's request for sanctions was denied.

## STANDARD OF REVIEW

Rule 72(a) of the Federal Rules of Civil Procedure and the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(A), provide that a district court shall reverse a magistrate judge's ruling regarding a non-dispositive matter only where the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007). A ruling is "clearly erroneous" if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

"Pursuant to this highly deferential standard of review, magistrates are afforded broad discretion in resolving discovery disputes and reversal is appropriate only if their discretion is abused." *Lanzo v. City of New York*, 1999 WL 1007246, at *2 (E.D.N.Y. Sept. 21, 1999) (quoting *Derthick v. Bassett-Walker Inc.*, 1992 WL 249951, at *8 (S.D.N.Y. Sept. 23, 1992)), *reconsideration denied*, 2000 WL 516407 (E.D.N.Y. Mar. 20, 2000). Questions of law, however, are reviewed de novo. *See PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010); *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation,* 2018 WL 4158290, at *9 (E.D.N.Y. Aug. 30, 2018); *Wakefern Food Corp. v. Prospect Plaza Improvements, LLC*, 2010 WL 4514287, at *2 n. 2 (D. Conn. Nov. 2, 2010).

## DISCUSSION

### I. Federal Rule of Civil Procedure 37(e)

Spoliation sanctions based on a failure to preserve electronically stored information are governed by Rule 37(e), which came into effect in its present form on December 1, 2015. Rule 37(e) provides:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
> (A) presume that the lost information was unfavorable to the party;
>
> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>
> (C) dismiss the action or enter a default judgment.

Rule 37(e) is best understood by reference to the pre-existing, common law standards governing spoliation sanctions, which the 2015 amendments to the Rule superseded but did not completely displace. Pursuant to the Second Circuit's decision in *Residential Funding Corp. v. DeGeorge Financial Corp.*, a party seeking an adverse inference instruction was required only to demonstrate:

> "(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense"

306 F.3d 99, 107 (2d Cir. 2002); *see also Arista Records LLC v. Usenet.com, Inc.* 608 F.Supp.2d 409, 430 (S.D.N.Y. 2009) (expanding *Residential Funding Corp.* to sanctions other than adverse inference instructions); *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 220 (S.D.N.Y. 2003) (same). Under this standard, a movant was not required to demonstrate that the spoliator acted with knowledge or bad faith; a court had discretion to sanction a party for even negligent spoliation. *See Residential Funding*, 306 F.3d at 108.

In the context of adverse inference instructions based on a failure to preserve electronically stored information, the amendments to Rule 37(e) replaced the "culpable state of mind" element under *Residential Funding* with a more stringent "intent to deprive" requirement. *See* Fed. R. Civ. P. 37(e)(2), Advisory Committee Note, 2015 Amendments (noting that the provision "rejects cases such as [*Residential Funding*] that authorize the giving of adverse-inference instructions on a finding of negligence or gross negligence"). The reason for this modification is simple logic. As the Advisory Committee Note explains:

> Adverse-inference instructions were developed on the premise that a party's intentional loss or destruction of evidence to prevent its use in litigation gives rise to a reasonable inference that the evidence was unfavorable to the party responsible

5

for loss or destruction of the evidence. *Negligent or even grossly negligent behavior does not logically support that inference.*

*Id.* (emphasis added). This rationale is consistent with Professor Wigmore's commentary on the subject:

> It has always been understood—the inference, indeed, is one of the simplest in human experience—that a party's falsehood or other fraud in the preparation and presentation of his cause, his fabrication or suppression of evidence by bribery or spoliation, and all similar conduct is receivable against him as an indication of his consciousness that his case is a weak or unfounded one; *and from that consciousness may be inferred the fact itself of the cause's lack of truth and merit.*

2 John Henry Wigmore, *Evidence in Trials at Common Law* § 278 (Chadbourn rev. 1979) (emphasis added), *cited in Cost v. State*, 417 Md. 360, 371-372, 10 A.3d 184, 191 (Md. 2010). Thus, a party's conscious dereliction of a known duty to preserve electronic data is both necessary and sufficient to find that the party "acted with the intent to deprive another party of the information's use" under Rule 37(e)(2). Whether the spoliator *affirmatively* destroys the data, or *passively* allows it to be lost, is irrelevant; it is the spoliator's *state of mind* that logically supports the adverse inference. *See Moody v. CSX Transportation, Inc.*, 271 F.Supp.3d 410, 431 (W.D.N.Y. 2017) ("While knowing they had a duty to preserve the event recorder data, defendants allowed the original data on the event recorder to be overwritten …. On this record, the Court finds that defendants acted with the intent to deprive [plaintiff] of the use of the event recorder data"); *Ottoson v. SMBC Leasing and Finance, Inc.*, 268 F.Supp.3d 570, 582-583 (S.D.N.Y. 2017) (conscious failure "to take any reasonable steps to preserve" relevant communications satisfies the level of intent required of Rule 37(e)(2)) (collecting cases).

Aside from modifying the state of mind required of a spoliator, the 2015 amendments to Rule 37(e) did not significantly alter the elements required at common law for sanctions to issue. The Rule applies only to electronically stored information "that should have been preserved in

the anticipation or conduct of litigation" and which was "lost because a party failed to take reasonable steps to preserve it," thus incorporating the requirements of duty and breach. *See* Fed. R. Civ. P. 37(e)(2), Advisory Committee Note, 2015 Amendment ("Rule 37(e) is based on this common-law duty; it does not attempt to create a new duty to preserve"). In addition, the movant is still required show prejudice. Prejudice may be inferred from the spoliator's "intent to deprive;" indeed, this is the essence of an adverse inference instruction. *See* Fed. R. Civ. P 37(e)(2); *Alabama Aircraft Industries, Inc. v. Boeing Company*, 319 F.R.D. 730, 746 (N.D. Ala. 2017) (explaining that a prejudice element is implicitly incorporated in the subdivision (e)(2)). However, where prejudice cannot be inferred from the spoliator's state of mind, it may be proven circumstantially, in which case sanctions (other than those specifically enumerated in subdivision (e)(2)) may be awarded. *See* Fed. R. Civ. P. 37(e)(1).

## II. Whether the Magistrate Correctly Held That Rule 37(e) Applies

As a threshold matter, the Court must decide whether the magistrate correctly applied Rule 37(e) in lieu of the common law standard for spoliation sanctions. Here, the action was commenced on October 22, 2015, several weeks before the December 1, 2015 effective date for the amendments to Rule 37. However, Plaintiff's motion for spoliation sanctions was made after the amendments became effective.

As the magistrate explained in the M&O, "Chief Justice Roberts included an Order when transmitting the new Rule to Congress explaining that 'the foregoing amendment to Federal Rules of Civil Procedure shall take effect on December 1, 2015, and shall govern … insofar as just and practicable, all proceedings then pending.' " (M&O at 8). *Rhoda v. Rhoda*, 2017 WL 4712419, at *2 (S.D.N.Y. Oct. 3, 2017) (quoting 2015 U.S. Order 0017). Therefore, the question

7

in this case was whether it would be "just and practicable" to apply the new Rule. The magistrate held that:

> … it is neither unjust nor impracticable to apply the new version of Rule 37(e) in this case as the Complaint was filed after the new version of the Rule went into effect … and the present motion for spoliation sanctions was fully briefed and submitted in 2017, … more than two years after the new rule came into effect. Both parties, therefore, had ample opportunity to brief the spoliation issue under the new rule, although Plaintiff did not do so.

(M&O at 8-9). Indeed, even when the Complaint was filed, Plaintiff was already on notice that amendments to the Rule were imminent, as the Supreme Court adopted the amendments and submitted them to Congress on April 29, 2015. On careful consideration, the Court determines that the magistrate's ruling was not clearly erroneous, and therefore holds that Rule 37(e) furnishes the applicable legal standard.

### III. Whether the Magistrate Correctly Denied Sanctions

Plaintiff does not challenge the magistrate's conclusion that the City had a duty to preserve the footage, and for purposes of this motion Defendants have conceded the same. (M&O at 10-11; ECF No. 92 at 5-6; ECF No. 93 at 9 n. 5). Contrary to the arguments Defendants presented below, it is irrelevant whether the Individual Defendants had such a duty. If the City (or its agents) breached this duty with intent to deprive Plaintiff of the use of the video, then the conclusion that one may draw about what the video would have showed would become an adjudicative fact, which may support a finding of liability as to *all* Defendants.

However, the magistrate also found that the City acted without the requisite intent to deprive, which is fatal to Plaintiff's request for an adverse inference instruction. *See* Fed. R. Civ. P. 37(e)(2). Plaintiff's objection papers devote little attention to this issue. Based on the evidence in the record, the Court cannot say that the magistrate clearly erred in finding that the

surveillance video was deleted after 30 days, not 90 days as printed in the March 22, 2016 communication. (M&O, at 13 and n. 15). Therefore, the Court will not disturb the magistrate's determination that the video was already unavailable when Plaintiff sent in his Notice of Claim. (M&O at 13). Accordingly, the Court finds that neither the City nor its agents were consciously aware of a duty to preserve the video before its deletion, and therefore Plaintiff's request for an adverse inference instruction was properly denied.[2]

Many of the cases Plaintiff cites are inapposite, as they are traceable to *Residential Funding, supra*, and therefore can no longer be considered valid for the proposition that mere negligence is sufficient for an adverse inference instruction. For instance, Plaintiff cites to *DiStefano v. Law Offices of Barbara H. Katsos, PC,* 2017 WL 1968278 (E.D.N.Y. May 11, 2017), for the proposition that "negligence [is] sufficient to meet the 'culpable state of mind' standard" and notes that *DiStefano* was decided "following the Amended [R]ule 37(e)'s effective

---

[2] Arguably, had Defendants received and ignored a request to preserve the video from the Assistant District Attorney prosecuting Marte's case, an adverse inference instruction would have been appropriate. Where it is foreseeable that evidence may be relevant to a criminal proceeding, the State's failure to preserve it can support an adverse inference instruction in a civil proceeding arising out of the same events. *See Manganiello v. City of New York*, 612 F.3d 149, 166-167 (2d Cir. 2010) (finding no abuse of discretion in trial court's issuance of an adverse inference instruction in a § 1983 case based on the disappearance of a case file in plaintiff's criminal proceeding); *Creighton v. City of New York*, 2017 WL 636415, *17-*18 (S.D.N.Y. Feb. 14, 2017) (holding, for purposes of request for adverse inference instruction in § 1983 case, that law enforcement and prosecuting authorities had a duty to preserve video evidence relevant to plaintiff's prosecution, but denying the requested instruction on other grounds). Here, the evidence was inconclusive as to whether the District Attorney's Office ever actually made such a request. ADA Toder was aware of the existence of the video, was directed to request a copy, and testified that her usual practice would have been to obtain a copy. (Pl. Ex. F; Tr. at 42:18-42:1, 43:25-44:14, 49:3-8). However, she had no independent recollection of actually doing so (Tr. at 49:16-18). Although the subpoena log did not contain a record of such a request, Capt. Tobin testified that such requests were sometimes made verbally, in which case no written record would exist. (Tr. at 81:2-8, 82:2-18). In any event, because Plaintiff did not pursue this theory before either the magistrate or this Court, and in light of the deference that a magistrate's order must be afforded under Rule 72(a), this is not a sufficient ground to grant Plaintiff's objection.

date." (ECF No. 92, 12-13). But what Plaintiff omits is that the court in *DiStefano*, contrary to the magistrate in this case, found that it would not be "just and practicable" under the circumstances to apply the amended Rule 37(e) retroactively, and therefore decided the case under the law as it existed ***prior*** to the amended Rule. *See* 2017 WL 1968278*,* at *3-*4.[3]

Plaintiff also challenges the magistrate's determination that the deletion of the surveillance footage did not prejudice Plaintiff. Although Rule 37(e)(1) requires a finding of "prejudice" in order for sanctions to issue, the Rule is unclear as to what is meant by this word. The Advisory Committee Note does not provide a clear answer, other than to state that "[a]n evaluation of prejudice from the loss of information necessarily includes an evaluation of the information's importance in the litigation." Fed. R. Civ. P. 37(e)(1), Advisory Committee Note, 2015 Amendment. Two different views of "prejudice" may be hypothesized, and, in the instant case, our choice between the two is outcome-determinative. Under one view, "prejudice" may be taken to mean merely that the evidence is probative, similar to the concept of relevance under Fed. R. Evid. 401. Under the alternative view, prejudice may require proof that the evidence was not only probative, but that it would affirmatively support the movant's claim. Courts in this Circuit generally require some proof of prejudice in the latter sense before sanctions will issue. *See Best Payphones, Inc. v. City of New York*, 2016 WL 792396, at *5-*6 (E.D.N.Y. Feb. 26, 2016); *Taylor v. City of New York*, 293 F.R.D. 601, 613 (S.D.N.Y. 2013).

In this Court's view, however, proof of the second, narrower type of prejudice is not categorically necessary in all instances. It is well-established that spoliation sanctions are intended to both "deter parties from engaging in spoliation" and to "restore the prejudiced party

---

[3] As the court in *DiStefano* noted, the evidentiary hearing in that case "was conducted under the tenets of former Rule 37." *Id.* at *4. Here, by contrast, the motion papers and evidentiary hearing occurred after the amended Rule came into effect.

to the same position he would have been in absent the wrongful destruction of evidence by the opposing party." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 789 (2d Cir. 1999). The requirement that a movant show that the evidence would have supported his or her case serves the second, remedial prong of this doctrine. *See Kronisch v. United States*, 150 F.3d 112, 127 (2d Cir. 1998) (explaining that such proof is necessarily incident to the task of "attempt[ing] to place the innocent party in the same position he would have been in had the evidence not been destroyed by the offending party"). However, where a party destroys the only evidence that might vindicate their opponent's claims and thereby assures victory for themselves, the deterrent purposes of the spoliation doctrine may well be served by an appropriate sanction, even without affirmative proof as to whether the evidence would have been advantageous to the movant. *See Rogers v. Guaranty Trust Co. of New York*, 288 U.S. 123, 151 (1933) (Cardozo, J., dissenting) ("Equity, it is said, will not be over-nice in balancing the efficacy of one remedy against the efficacy of another when action will baffle, and inaction may confirm, the purpose of the wrongdoer") (citing *Falk v. Hoffman*, 233 N.Y. 199, 203, 135 N.E. 243 (N.Y. 1922)); *Janigan v. Taylor*, 344 F.2d 781, 786 (1st Cir. 1965) ("It is more appropriate to give the defrauded party the benefit even of windfalls than to let the fraudulent party keep them"), *cert. denied*, 382 U.S. 879 (1965). Even where the spoliator has acted with mere negligence, it is well-established that, as between a negligent party and an innocent party, the former has no right to retain the fruits of their misconduct. *See Bank of Saipan v, CNG Financial Corp.*, 380 F.3d 836, 842-843 (5th Cir. 2004); *Pohl v. McCaffrey*, 2006 WL 208710, at *5 (N.D. Ill. Jan. 25, 2006).

Plaintiff vigorously argues that the lost recording was relevant in the first, broader sense described above, *i.e.*, that it would have captured the assault and was probative as to Defendants' liability. Assuming, *arguendo*, that this were the case, it would not warrant overturning the

11

magistrate's order. "[A] district court has broad discretion in crafting a proper sanction for spoliation … to serve the prophylactic, punitive *and remedial* rationales underlying the spoliation doctrine." *West*, 167 F.3d at 789 (emphasis added). In order to craft a sanction that would restore Plaintiff to the position he would have occupied had the recording not been deleted, the magistrate was within her discretion to require some proof that it would have corroborated Plaintiff's claims. Here, as the magistrate correctly found, such proof could not be inferred from Defendants' conduct, because, as noted above, there was no evidence that Defendants were conscious of their duty to preserve the evidence. Nor was there any independent, circumstantial evidence that the video would have shown what Plaintiff claims it showed. *Cf. Taylor*, 293 F.R.D. at 613-614.

Contrary to Plaintiff's argument, the magistrate was correct in placing the burden of proof as to prejudice on Plaintiff. "The rule does not place a burden of proving or disproving prejudice on one party or the other. … [Rather, it] leaves judges with discretion to determine how best to assess prejudice in particular cases." Fed. R. Civ. P. 37(e)(1), Advisory Committee Note, 2015 Amendments; *see Taylor*, 293 F.R.D. at 613 (placing burden of proof as to prejudice on the movant where evidence was destroyed negligently).

In conclusion, the magistrate did not clearly err or act contrary to law in holding that the Defendants did not act with the requisite intent to deprive under Rule 37(e)(2) and that Plaintiff was not prejudiced by the loss of the video under Rule 37(e)(1). Therefore, Plaintiff's request that the order be modified or set aside is **DENIED**.

SO ORDERED.

Dated: Brooklyn, New York
November 1, 2018

/s
I. Leo Glasser U.S.D.J.