UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MOSHE UNGAR,

        Plaintiff,

v.

THE CITY OF NEW YORK, POLICE
OFFICER MICHAEL VICTORIA, Shield
#25392, POLICE OFFICER JASON WHYTE,
Shield #29767, POLICE OFFICER ALBERT
ROBLES, Shield #5848, SGT. RAYMOND
GONZALEZ, Shield #599, SERGEANT
YANDEI PERALTA, Shield #4060, E.M.T.
TECHNICIAN ROMAN FRANKLIN, Shield
#1589, POLICE OFFICERS JOHN/JANE
DOE(S) 1-10,

        Defendants.

**MEMORANDUM & ORDER**
15-CV-6091 (ILG) (VMS)

GLASSER, Senior United States District Judge:

The plaintiff commenced this action against the named individual defendants and the City of New York alleging failure to intervene and failure to protect under 42 U.S.C. § 1983, a municipal liability claim pursuant to <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978), and related state law claims. At the close of discovery, Defendants moved for summary judgment. For the reasons stated below, the motion is GRANTED.

## BACKGROUND

The following facts are undisputed unless otherwise noted. On February 28, 2015, the plaintiff, a member of the Hasidic[1] community, was being held in a cell at Kings County Central

---

[1] "*Hasid* is the Hebrew word for 'pious.' Hasidic Jews, or Hasidim, are the largest sub-group of Haredi Jews. Haredim are sometimes referred to as "ultra-Orthodox," although this term may be considered objectionable." *Young Advocates for Fair Educ. v. Cuomo*, 359 F. Supp. 3d 215, 222 (E.D.N.Y. 2019).

Booking on unrelated assault charges. (Third Am. Compl. ¶ 13). Luis Marte, who was also in the cell, attacked him suddenly and without provocation with a closed fist, causing a laceration of his lower lip and a broken jaw. (Defs.' Ex. I ("Marte Arrest Report"); Pl.'s Ex. 2 ("Pl.'s Dep.") at 77:7-9). He alleges that, just before the attack, Marte directed anti-Semitic comments[2] towards him while violently banging the cell walls with his fists. (Pl.'s Dep. at 49:16-50:14, 57:2-9, 108:3-13).

## LEGAL STANDARD

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. A motion for summary judgment must be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must consider the evidence in the light most favorable to the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). While credibility determinations, weighing evidence and drawing legitimate inferences from facts are functions that the Court must leave to the jury, if the nonmoving party does not present evidence from which a reasonable jury could return a favorable verdict, then summary judgment is appropriate. See, e.g., Golden Pacific Bancorp. v. F.D.I.C., 375 F.3d 196, 200 (2d Cir.2004).

## DISCUSSION

I.  **Failure to Protect**

For a failure to protect claim to succeed, a plaintiff must establish that there was "deliberate indifference to a substantial risk of serious harm" to him. Farmer v. Brennan, 511 U.S. 825, 836

---

[2] Ungar is Jewish and was wearing a skullcap at the time. (Pl.'s Dep. at 58:1-6).

2

(1994). In order to establish deliberate indifference, a plaintiff must prove that existing circumstances presented an actual or imminent unreasonable risk of harm and that the defendant acted intentionally, or recklessly failed to act with reasonable care, to mitigate the risk of harm even though the defendant knew, or should have known, that the circumstances posed such a risk.

The anti-Semitic statements are not actionable because a failure to protect claim cannot survive summary judgment based upon a verbal exchange alone. See Dublin v. New York City Law Dep't, 2012 WL 4471306, at *5-7 (S.D.N.Y. Sept. 26, 2012). Plaintiff did not complain about Marte banging the wall, and he testified that he was punched "out of nowhere." (Pl.'s Dep. at 49:22-23, 55:8-13). A reasonable police officer could not be expected to view these circumstances as presenting an excessive risk of harm.

## II. Failure to Intervene

In order to prove a failure to intervene claim, a plaintiff must show that the defendant had "a realistic opportunity to intervene to prevent the harm from occurring." Anderson v. Branen, 17 F.3d 552, 557 (2d Cir. 1994). Hateful speech and erratic behavior, with nothing more, would not require a reasonable police officer to intervene to prevent an unborn assault which came "out of nowhere."

## III. Deliberate Indifference to Medical Needs

Plaintiff alleges a deliberate indifference to medical needs claim against defendant EMT Franklin. (Pl.'s Opp. at 26). No such claim is pled in the Complaint and it cannot be raised for the first time at this stage. See, generally Third Am. Compl.; Vitti v. Macy's Inc., 758 F. App'x 153, 158 (2d. Cir. 2018) ("A plaintiff may not assert a claim for the first time in opposition to a motion for summary judgment."). Even if the Complaint could be read to include a deliberate indifference

3

claim against Defendant Franklin, it would have no merit. At the time he was attended to, he appeared to have a swollen lip and was not in pain. (Pl. Dep. at 85:16-19). He was offered transport to the hospital but refused, believing that his injuries were not serious. (Id. at 85:4-15). It was Plaintiff's rejection of medical care, not Franklin's indifference, that resulted in Plaintiff not being hospitalized.

### IV. Monell Claim

Plaintiff also asserts a municipal liability claim against the City pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978). To succeed on such a claim, a plaintiff must establish three elements: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Martin v. City of New York, 627 F. Supp. 892, 895 (E.D.N.Y. 1985) (citing Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983)). A custom or policy may be established through policy statements, ordinances, regulations, or decisions "officially adopted and promulgated by that body's officers." Monell, 436 U.S. at 690, not one of which is cited.

Plaintiff also alleges that his constitutional rights were violated as a result of the City's policy and/or custom in which it inadequately hires, trains, supervises, and disciplines its officers, agents and employees. (See Third. Am. Compl. at ¶¶ 24-25). The rejected elements of Plaintiff's failure to protect and failure to intervene claims plainly negate his Monell claim, which, in any event, is not supported by any evidence other than his bare allegation of it.

### CONCLUSION

For the reasons set forth above, Defendants' motion for summary judgment is **GRANTED**. The Court declines to exercise supplemental jurisdiction over the state law claims and the Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated:  Brooklyn, New York
    April 29, 2021

               /s/
               I. Leo Glasser     U.S.D.J.